IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


UNITED STATES OF AMERICA


VS.                                    CRIMINAL NO. 3:05-cr-79-WHB
                                CIVIL ACTION NO. 3:07-cv-376-WHB


SUFIAN ASSI


OPINION AND ORDER

This cause is before the Court on Defendant Sufian Assi's
("Assi") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or
Correct Sentence by a Person in Federal Custody ("Motion to
Vacate").  As Assi is proceeding *pro se*, his pleadings have been
liberally construed.  See United States v. Wilkes, 20 F.3d 651, 653
(5th Cir. 1994).  The Court has considered the Motion; Supplemental
Information in Support of the Motion; Response by the Government;
Rebuttal; the Affidavits of Cynthia H. Speetjens, Cynthia A.
Stewart, and Judson M. Lee; as well as supporting and opposing
authorities, and finds that the Motion to Vacate is not well taken
and should be denied.


I.   Factual Background and Procedural History

On July 13, 2005, a Superceding Indictment was filed against
Assi, Majd Assi, and Hala Kanaa (collectively, "Defendants")[1]

───────────────

[1]  Majd Assi is the son of Sufian Assi.  Hala Kanaa is the
former wife of Sufian Assi.

alleging they, "aided and abetted by each other, intentionally did traffic and attempt[ed] to traffic" imitation designer goods in violation of 18 U.S.C. § 2320(a).  The charges arose, in part, from Defendants' sale of imitation designer purses, wallets, shoes, and scarves at two stores in the Metro Center Mall, in Hinds County, Mississippi.  During the period relevant to the subject Motion to Vacate, Defendants were represented by retained counsel as follows: Assi was represented by Cynthia H. Speetjens ("Speetjens"), Majd Assi was represented by Cynthia A. Stewart ("Stewart"), and Hala Kanaa was represented by Judson M. Lee ("Lee").

At some point, the attorneys for Defendants were advised that the Government "was agreeable to having two of the Defendants plead guilty to a misdemeanor upon the condition that the third Defendant pleaded guilty to the felony."  See Lee Aff. [Docket No. 73], at ¶ 9; Stewart Aff. [Docket No. 74], at ¶ 14.  Thereafter, counsel for Defendants had numerous meetings, both jointly and separately, with their clients to discuss the offer made by the Government.  See Speetjens Aff. [Docket No. 72], at ¶¶ 20, 21, 23;  Lee Aff. [Docket No. 73], at ¶ 10; Stewart Aff. [Docket No. 74], at ¶ 15. Ultimately it was decided that Assi would plead guilty to the felony,[2] and Majd Assi and Hala Kanaa would plead guilty to

_____

[2]  Assi apparently decided to plead guilty to the felony because he did not want Hala Kanaa to serve jail time as she was raising his minor children.  Assi also did not want his son, Mjad Assi, to have a felony conviction on his record which could affect his ability to earn a living.  See Speetjens Aff. [Docket No. 72], at ¶¶ 23; Lee Aff. [Docket No. 73], at ¶ 10.

misdemeanor offenses.  See Speetjens Aff. [Docket No. 72], at ¶ 23;

Lee Aff. [Docket No. 73], at ¶ 10; Stewart Aff. [Docket No. 74], at

¶ 14.

On April 11, 2006, Assi pleaded guilty to one count of

trafficking in counterfeit goods, in violation of 18 U.S.C. §

2320(a).  In conjunction with the plea entered by Assi, he signed

a Memorandum of Understanding ("MOU"), that provides, in relevant

part:

> **Waivers**.  Defendant, knowing and understanding all of the
> matters aforesaid, including the maximum possible penalty
> that could be imposed, and being advised of his rights to
> remain silent, to trial by jury, to subpoena witnesses on
> his own behalf, to confront the witnesses against him,
> and to appeal the conviction and sentence, in exchange
> for the recommendations and concessions made by the U.S.
> Attorney's Office, in this plea agreement hereby
> expressly waives the above rights and the following:
>
> a.   the right to appeal the conviction and sentence
> imposed in this case, or the manner in which that
> sentence was imposed, on the grounds set forth in Title
> 18, United States Code, Section 3742, or on any grounds
> whatsoever, and
>
> b.   the right to contest the conviction and sentence or
> the manner in which the sentence was imposed in any post-
> trial conviction proceeding, including but not limited to
> a motion brought under Title 28, United States Code,
> Section 2255, and any type proceeding claiming double
> jeopardy or excessive penalty as a result of any
> forfeiture ordered or to be ordered in this case...

See Resp. to Mot. to Vacate, 4 (quoting MOU, ¶ 16).  Assi was

sentenced on July 6, 2006, to a 32 month term of imprisonment, to

be followed by three years of supervised release.  Assi was also

ordered to pay a partial fine in the amount of $1,500.00 and a

special assessment of $100.00.   The Court entered Judgment in

Assi's criminal case on July 12, 2006.[3]

On or about July 3, 2007, Assi filed the subject Motion to

Vacate challenging the effectiveness of the assistance of counsel

he received.   Assi also argues that he was not provided a

translator, and that he was selectively prosecuted because of his

ethnicity and religion.   Assi's Motion to Vacate is now ripe for

consideration.


## II.   Legal Analysis

### A.   Ineffective Assistance of Counsel Claims

The United States Court of Appeals for the Fifth Circuit has

recognized that a "defendant can waive his right to file a section

2255 motion, although such a waiver might not apply to an

ineffective assistance of counsel claim." United States v. White,

307 F.3d 336, 339 (5th Cir. 2002) (citing United States v. Wilkes,

20 F.3d 651, 653 (5th Cir. 1994)).   As explained by the Fifth

Circuit:

> We ... hold that an ineffective assistance of counsel
> argument survives a waiver of appeal only when the
> claimed assistance directly affected the validity of that
> waiver or the plea itself.   We agree with [Jones v.
> United States, 167 F.3d 1142 (7th Cir. 1998)] and [Mason
> v. United States, 211 F.3d 1065 (7th Cir. 2000)] that an
> impermissible boot-strapping arises where a waiver is

---

[3]   The charges against Majd Assi and Hala Kanaa were
dismissed on July 20, 2006.   See Order of Dismissal [Docket No.
61].

4

sought to be enforced to bar a claim that the waiver itself – or the plea agreement of which it was a part – was unknowing or involuntary.  This court addressed that problem in [United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995)].  Where the movant's claim does not involve that sort of boot-strapping, however, we see no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish.  See United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992).  The Sixth Amendment right to effective assistance of counsel may also be waived, and thus need not be treated any differently.  See Johnson v. Zerbst, 304 U.S. 458 (1938).

White, 307 F.3d at 343.  Thus, under Fifth Circuit precedent, an ineffective assistance of counsel claim survives a waiver of appeal only in cases in which the claimed assistance directly affected the validity of the waiver or the plea itself.  See White, at 343.

In the event a claim of ineffective assistance of counsel has not been waived, it is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  To prevail on an ineffective assistance of counsel claim under Strickland, the defendant must prove (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced his defense.  Id. at 687.  As more recently explained by the United States Supreme Court:

> To establish ineffectiveness, a defendant must show that counsel's representation fell below an objective standard of reasonableness.  To establish prejudice he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

5

Williams v. Taylor, 529 U.S. 362, 390-91 (2000)(citations omitted).

If the Court finds that one of the Strickland requirements is not

satisfied, it need not consider the other.  See Buxton v. Lynaugh,

879 F.2d 140, 142 (5th Cir. 1989) (finding that "Strickland allows

the habeas court to look at either prong first; if either one is

found dispositive, it is not necessary to address the other.").  In

the context of a guilty plea, in order to satisfy the prejudice

requirement of the second Strickland prong "the defendant must show

that there is a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty and would have insisted on

going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  See

also Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994) (finding

that "[a] mere allegation of prejudice is not sufficient to satisfy

the prejudice prong of the Strickland test.  A [defendant] must

establish that but for his counsel's alleged erroneous advice, he

would not have pleaded guilty but would have insisted upon going to

trial.").

    In support of his ineffective assistance of counsel claim,

Assi argues:  "My attorney committed several acts of incompetence

related to my guilty plea including extorting additional money from

me based on an allegation that my case was somehow connected to

terrorist activities."  See Mot. to Vacate, Ground One(a)(1).  The

Court finds that this claim does not directly affect either the

validity of Assi's guilty plea or waiver of rights and, therefore,

does not survive the waiver set forth in the MOU.  Additionally,
this allegation is specifically refuted by Speetjens who avers that
she was paid $5,000 for representing Assi and that "[n]o more was
ever charged or requested of any Defendant for any fee."  See
Speetjens Aff. [Docket No. 72], at ¶¶ 9, 37.  Accordingly, the
Court finds that this argument lacks merit.

Next, Assi argues that he received ineffective assistance of
counsel because his attorney did not hire "an expert to examine and
offer an expert opinion on the value of the handbags involved prior
to my guilty plea or sentencing."  See Mot. to Vacate, Ground
One(a)(2).  The record shows that an expert witness was not
designated or called to offer opinion testimony regarding the fair
market value of the counterfeit goods that were confiscated from
Defendants.  Instead, Speetjens decided to contest the amount of
loss in this case through the testimony of witnesses, and by
offering evidence showing the cost of the counterfeit goods as
advertised in retail catalogues and by Assi's purchase invoices.
See Resp. to Mot. to Vacate, Ex. B (Sentencing Tr.) at 46-51
(offering into evidence testimony by Assi regarding his purchase of
the counterfeit goods through a wholesale distributor as well as
the catalogues and invoices reflecting the costs of those goods).
As explained by Speetjens:

> I was mindful of the financial straits of my client, as
> were my co-counsel; hiring an expensive expert to add up
> the sale price at the two Metro Center stores versus the
> retail value of these items seemed pointless and cruelly
> expensive.  I felt that the testimony and the documents

submitted would reflect the actual gravity of [Assi's] acts and would mitigate the acceptance of the actual retail value of the items.

....

I feel that I put before the Court the facts of Mr. Assi's business operations and what he truly intended and his true intent...  I certainly did not want to see Mr. Assi suffer in this way, but again, it was the strategy that I chose.

See Speetjens Aff. [Docket No. 72], at ¶¶ 36, 39.  See also id. at

¶ 36 (averring "My strategy may have been wrong in hindsight, but

it was the strategy that I chose.").

When assessing decisions made by an attorney during the course

of litigation, the Court applies a "highly differential" standard.

As explained by the Supreme Court:

Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way.

....

8

> Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 466 U.S. at 689-90 (citations omitted).

Having reviewed the facts and circumstances of this case, the Court finds that Speetjens's strategic decision to use fact witnesses and evidentiary exhibits on the issue of amount of loss, instead of expert testimony, did not fall below an objective standard of reasonableness. See e.g. id. at 690-91 (finding that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."). In addition, the Court finds that Assi has failed to show that he was prejudiced as a result of Speetjens's decision. Again, to show prejudice, Assi must demonstrate that the result of his criminal proceeding would have been different had an expert witness been designated. Assi, however, has not presented any argument or evidence that the Court would have been bound to sentence him in accordance with his expert's opinion as opposed to

9

the amount of loss demonstrated by the Government.  As Assi has failed to establish that his sentence would have been less had expert evidence been presented, the Court finds he has failed to establish prejudice under <u>Strickland</u>

Based on the record before it, the Court finds that Speetjens's decision to not designate an expert witness in Assi's criminal case did not fall below an objective standard of reasonableness. Additionally, the Court finds that Assi has failed to show that he was prejudiced as a result of that decision. Accordingly, the Court finds Assi's argument that he received ineffective assistance of counsel because an expert witness was not designated in his criminal case lacks merit.

Assi also argues that he received ineffective assistance of counsel because his attorney "never explain[ed] to me the importance of the Presentence Investigation Report." <u>See</u> Mot. to Vacate, Ground One(a)(3).  The Court finds that this argument is not supported by the record.  In her affidavit, Speetjens avers that she and Assi "discussed at great length what documents would be used and what testimony would be put forth before the Court and what his objections of the Pre-Sentence Report would be."  <u>See</u> Speetjens Aff. [Docket No. 72], at ¶ 34.  Additionally, the Court informed Assi of the importance of the Presentence Investigation Report ("PSR") at the conclusion of the Entry of Guilty Plea Hearing.  <u>See</u> Resp. to Mot. to Vacate, Ex. A (Guilty Plea Tr.) at

10

25-27 (explaining, *inter alia*, the importance of the PSR, and informing Assi "because of the importance of this presentence investigation report, I'll ask you at the sentencing hearing whether you have read the report and gone over it carefully with your attorney.").[4]  Based on the record before it, the Court finds that Speetjens's performance with regard to explaining the importance of the PSR did not fall below an objective standard of reasonableness.  Accordingly, the Court finds Assi's argument that he received ineffective assistance of counsel because the importance of the PSR was not explained lacks merit.

Assi's next argument is that he received ineffective assistance of counsel because his attorney did not "fil[e] any objections to the Presentence Investigation Report."  See Mot. to Vacate, Ground One(a)(4).  The Court finds that this argument is not supported by the record.  The Sentencing Hearing Transcript clearly shows that Speetjens objected to the amount of loss figure used in the PSR and on the issue of acceptance of responsibility. See Resp. to Mot. to Vacate, Ex. B (Sentencing Tr.) at 5. Speetjens also presented testimony and evidentiary exhibits on each of these issues during the sentencing hearing.  Id., Ex. B (Sentencing Tr.) at 11-74.  Additionally, during the sentencing hearing, Assi stated that he did not have any objections to the PSR

---

[4]  During the Sentencing Hearing, Assi testified that he had read the PSR and had gone over it carefully with his attorney. See Resp. to Mot. to Vacate, Ex. B (Sentencing Tr.) at 4.

other than those raised by Speetjens on his behalf.  See id., Ex. B (Sentencing Tr.) at 6.  Finally, in his Motion to Vacate, Assi has not identified or provided any information regarding the additional objections to the PSR he claims should have been raised by his attorney.  Based on the record before it, the Court finds that Speetjens's performance with regard to objecting to the PSR did not fall below an objective standard of reasonableness.  Accordingly, the Court finds Assi's argument that he received ineffective assistance of counsel based on the objections made by his attorney to the PSR lacks merit.

Assi also claims that he received ineffective assistance of counsel because his attorney "fail[ed] to offer evidence or argument on my acceptance of responsibility."  See Mot. to Vacate, Ground One(a)(5).  The Court finds that this argument is not supported by the record.  The Sentencing Hearing Transcript shows that Speetjens objected to the acceptance of responsibility level set forth in the PSR, and called Assi to testify on this issue at the sentencing hearing.  See Resp. to Mot. to Vacate, Ex. B (Sentencing Tr.) at 9-10.  The record also shows that the Court granted a three-level downward adjustment when sentencing Assi based on his acceptance of responsibility.  Id., Ex. B (Sentencing Tr.) at 88.  Based on the record before it, the Court finds that Speetjens's performance with regard to offering evidence and/or argument on the issue of acceptance of responsibility did not fall

below an objective standard of reasonableness.  Accordingly, the
Court finds Assi's argument that he received ineffective assistance
of counsel based on the evidence and/or arguments made by his
attorney on the issue of acceptance of responsibility lacks merit.

Next Assi claims that he received ineffective assistance of
counsel because his attorney "falsely advis[ed] me that the judge
would not pay much attention to the Presentence Investigation
Report."  See Mot. to Vacate, Ground One(a)(6).  The Court finds
that this argument is not supported by the record.  In her
affidavit, Speetjens avers she "never told Mr. Assi that the Court
would not look at the Pre-Sentence Report."  See Speetjens Aff.
[Docket No. 72], at ¶ 34.  Additionally, as discussed above, the
Court informed Assi of the importance of the PSR and the manner in
which it would be used at sentencing.  See Resp. to Mot. to Vacate,
Ex. A (Guilty Plea Tr.) at 25-27.  Based on the record before it,
the Court finds that Speetjens's performance with regard to
explaining whether the Court would consider the PSR at sentencing
did not fall below an objective standard of reasonableness.
Accordingly, the Court finds Assi's argument that he received
ineffective assistance of counsel because the importance of the PSR
was not explained to him lacks merit.

Finally, Assi claims that he received ineffective assistance
of counsel because his attorney "falsely stat[ed] that the case was
only a misdemeanor, not a felony case."  See Mot. to Vacate, Ground

13

One(a)(7).  The Court finds that this argument is not supported by
the record.  The affidavits of Speetjens, Lee, and Stewart clearly
show that Assi knew he would be pleading guilty to a felony charge
in exchange for reduced charges against his son, Majd Assi, and his
former wife, Hala Kanaa.  <u>See</u> Speetjens Aff. [Docket No. 72], at ¶
23; Lee Aff. [Docket No. 73], at ¶ 10; Stewart Aff. [Docket No.
74], at ¶ 14.   In addition, according to Speetjens, the
"distinction between a felony and misdemeanor was made over and
over and over to [Assi, Majd Assi, and Hala Kanaa] in the presence
of all counsel.  <u>See</u> Speetjens Aff. [Docket No. 72], at ¶ 23.

Assi also claims that he received ineffective assistance of
counsel because his attorney told him the maximum sentence he would
receive was one year in prison.  <u>See</u> Supplemental Information in
Support of the Motion, at 2.  Speetjens, however, avers:

> Under no circumstances did I ever speculate to Mr. Assi
> as to what [sentence] he might receive; in fact, it was
> discussed openly in his presence among all counsel the
> problem of anticipating or even calculating an
> appropriate loss figure.  No counsel could give even an
> educated guess as to what sentence might result, much
> less any assurance that the sentence would be a year or
> less, particularly in light of the fact that the
> sentencing was held post-<u>Booker</u>.

<u>See</u> Speetjens Aff. [Docket No. 72], at ¶ 24.  <u>See</u> <u>also</u> <u>id.</u>, at ¶ 34
(Speetjens averring that she never told Assi "that he would be
sentenced outside the [Sentencing] Guidelines.").  Additionally, at
Assi's plea hearing, the Court informed Assi that (1) the maximum
sentence he was facing was ten years in prison, (2) the Court would
consider the Sentencing Guidelines at sentencing even though the

14

guidelines were advisory in nature, (3) neither the Court nor Speetjens would be able to determine the Sentencing Guideline range until after the PSR was prepared, (4) the Court was not bound by the Sentencing Guideline range but, instead, could sentence him above or below that range, and (5) the Court was not bound by any recommendation of the Government but could sentence him to the maximum ten-year term.  <u>See</u> Resp. to Mot. to Vacate, Ex. A (Guilty Plea Tr.) at 11-13, 16.  Based on the record before it, the Court finds that Speetjens's performance with regard to explaining the nature of the charges, and the length of sentence Assi was facing, did not fall below an objective standard of reasonableness. Accordingly, the Court finds Assi's argument that he received ineffective assistance of counsel because he was not advised that the case involved felony charges and/or that his sentence could exceed one year, lacks merit.

In his Motion to Vacate, Assi also claims that he was denied his Sixth Amendment right to counsel.  Specifically, Assi argues:

> Because my attorney never acted on the basis of protecting and representing my rights in the proceedings against me, for all practical purposes I was denied my right to counsel in this case even though I paid significant sums of money to my attorney. In addition to the acts of incompetence and inadequate assistance described in Ground One above, my attorney never really provided me with any genuine representation in this case and neither the court not the Government sought to protect my Six Amendment rights.

<u>See</u> Mot. to Vacate, Ground Three.  Having reviewed the docket in Assi's criminal case and the transcripts of both the guilty plea and sentencing hearings, the Court finds that Speetjens's

15

performance in representing Assi did not fall below an objective standard of reasonableness. Accordingly, the Court finds that Assi is not entitled to any relief under 28 U.S.C. § 2255 based on his claims of ineffective assistance of counsel, as alleged in Grounds One and/or Three of his Motion to Vacate.

## B.  Failure to Provide Adequate Interpreter

Assi argues that his conviction and sentence should be set aside because he did not understand English "very well" and did not "fully understand what was happening in the courtroom." Mot. to Vacate, Ground Two. There is nothing in the record, however, which demonstrates that Assi's ability to communicate with his attorney or to comprehend the proceedings in the courtroom were inhibited by language problems.

On this issue, Speetjens avers: "While Mr. Assi spoke English, there were occasions in which I enlisted his son to translate certain words. However, I always ensured that he understood what I was telling him at all times. Mr. Assi spoke English; he simply needed clarification on occasion." See Speetjens Aff. [Docket No. 72], at ¶ 20. Based on Speetjens's statements, the Court finds that Assi has failed to show that his ability to communicate with his attorney was impaired because he did not understand the English language. Additionally, the record shows that Assi never requested the assistance of an interpreter at any stage of the proceedings.

The guilty plea hearing and the sentencing hearing were conducted in English, and Assi responded appropriately to each question asked during the colloquies with the Court.  In fact, during the sentencing hearing, Assi was extensively examined and cross examined in English without difficulty, and also read documents into evidence that were printed in English.  See Resp. to Mot. to Vacate, Ex. B (Sentencing Tr.) at 39-70.[5]  Based on this evidence, the Court finds that Assi has failed to establish that he was unable to comprehend the proceedings in his criminal case.  As Assi has failed to establish either that he was unable to effectively communicate with his attorney or comprehend the judicial proceedings in his criminal case, the Court finds that Assi is not entitled to any relief under 28 U.S.C. § 2255 based on his alleged inability to understand English.

## C.  Selective Prosecution

Assi claims that he was selectively prosecuted based on his Syrian heritage and Islamic beliefs.  See Mot. to Vacate, Ground Four.  On the issue of selective prosecution, the Fifth Circuit has held:

> In order to prevail in a defense of selective prosecution, a defendant must meet two requirements which

---

[5]  The Court specifically addressed each instance in which Assi claimed he did not understand a question posed by the Court. See Resp. to Mot. to Vacate, Ex. A (Guilty Plea Tr.) at 5-6 ; id., Ex. B (Sentencing Tr.) at 5-6.

> we have characterized as a "heavy burden." First, he
> must make a *prima facie* showing that he has been singled
> out for prosecution although others similarly situated
> who have committed the same acts have not been
> prosecuted. Second, having made the first showing, he
> must then demonstrate that the government's selective
> prosecution of him has been constitutionally invidious.
> The showing of invidiousness is made if a defendant
> demonstrates that the government's selective prosecution
> is actuated by constitutionally impermissible motives on
> its part, such as racial or religious discrimination.

United States v. Ramirez, 765 F.2d 438, 439-40 (5th Cir. 1985)

(alterations in original) (citations omitted).

The Court finds that Assi has not met the burden to sustain a

selective prosecution claim. First, the record shows that Assi was

not "singled out" for prosecution as the Government also indicted

Majd Assi and Hala Kanaa for selling imitation designer goods.

Second, Assi has not presented any evidence to show that the

Government sought to prosecute him because he was either Syrian or

a practicing Muslim. Without such showing, Assi's selective

prosecution claim fails.[6] See e.g. Ramirez, 765 F.2d at 440

(finding that a defendant's "allegations and evidence of improper

motive are insufficient to take this case out of the general rule

that prosecutors have wide latitude in determining which cases to

---

[6] According to Stewart, the attorneys for Assi, Majd Assi.
and Hala Kanaa:
> Both personally and through the services of an
> investigator, [] explored other businesses in the same
> condition known to the Government that were not being
> prosecuted. We also researched and considered the
> possibility of a defense of selective prosecution, but
> did not feel that we could meet the high burden set by
> case law for such a defense...
See Stewart Aff. [Docket No. 74], at ¶ 16.

prosecute."); United States v. Jennings, 724 F.2d 436, 446 (5th Cir. 1984) (rejecting a selective prosecution claim, in part, because the defendant "offered nothing but bare general allegations that the selectivity was motivated by racial considerations."). Accordingly, the Court finds that Assi is not entitled to any relief under 28 U.S.C. § 2255 based on his selective prosecution claim.

### III.  Conclusion

The Court, having concluded that Assi is not entitled to any relief under 28 U.S.C. § 2255 based on his claims of ineffective assistance of counsel, failure to provide interpreter, and/or selective prosecution, finds that his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody should be denied.

For the foregoing reasons:

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate Conviction and Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 [Docket No. 67] is hereby denied. A Final Judgment dismissing this case with prejudice shall be entered this day.

SO ORDERED this the 6th day of February, 2008.


s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE


19